UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KIMBERLY CORY,

        Plaintiff,

v.

DUNN PAPER, INC.,

        Defendant.

CASE NO. _____

| | |
|---|---|
| Victor J. Mastromarco, Jr.  (P34564) <br> Kevin J. Kelly  (P74546) <br> THE MASTRO MARCO FIRM <br> l024 North Michigan Avenue <br> Saginaw, Michigan 48602 <br> (989) 752-1414 <br> vmastromarco@mastrornarcofirm.com <br> kkelly@mastromarcofirm.com <br><br> *Attorneys for Plaintiff* | Gary C. Ankers  (P41599) <br> Anton A. Dirnberger, II  (P80261) <br> LITTLER MENDELSON, P.C. <br> 200 Renaissance Center, Suite 3110 <br> Detroit, Michigan 48243 <br> (313) 446-6400 <br> gankers@littler.com <br> adirnberger@littler.com <br><br> *Attorneys for Defendant* |

## DEFENDANT'S NOTICE OF REMOVAL

Dunn Paper, Inc. (hereinafter referred to as "Defendant"), by its attorneys, Littler Mendelson, P.C., gives notice that the above action is removed from the Circuit Court for the County of St. Clair, State of Michigan, in which Court said cause is now pending, to the United States District Court for the Eastern District of Michigan.

IN SUPPORT THEREOF, Defendant states as follows:

1.    On or about the 3rd day of May, 2021, an action was commenced against Defendant in the Circuit Court for the County of St. Clair, State of Michigan entitled

***Kimberly Cory v. Dunn Paper, Inc.***, Case No. 21-000756-CD. Plaintiff served the Summons and Complaint on Defendant on June 7, 2021, and copies are attached hereto as Exhibit 1.

2.   The aforesaid documents constitute all process, pleadings and orders served upon Defendant in this action.

3.   This action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332 (diversity), and is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of civil nature wherein the alleged value of the claim of Plaintiff is in excess of the amount of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states, as more fully shown below:

   a.   At the time such action was instituted in the Circuit Court for St. Clair in the State of Michigan, and at the present time, Plaintiff is and has been a citizen of the State of Michigan, as Defendant is informed and believes (Complaint, ¶1).

   b.   At the time such action was commenced, and at the present time, Defendant was and is a corporation organized under and existing by virtue of the laws of the State of Delaware and is not incorporated in any other state, with its

principal place of business in the State of Georgia. Defendant is not now, and never has been, a citizen of the State of Michigan.

    c.    Plaintiff has alleged a claim for age discrimination (Complaint, Count 1, ¶30). Plaintiff further alleges that "Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, investment opportunities, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits along with an additional sum to offset any negative tax consequences incurred as a result of recovery" and "Plaintiff has suffered and will continue to suffer noneconomic damages, including but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures (Complaint, ¶44-45).

    d.    Based on Plaintiff's request for damages, Plaintiff is seeking damages exceeding $75,000.

    e.    For these reasons, the damages from the losses claimed, if proven, exceed $75,000.00, exclusive of interest, costs and attorney fees, and therefore from a preponderance of the evidence it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

*Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-573 (6th Cir. 2001); *see also* ***Gafford v. General Elec. Co.***, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated in part on other grounds by* ***Hertz Corp. v. Friend***, 559 U.S. 77 (2010).

5. This Notice of Removal is being filed within thirty (30) days of service upon Defendant.

6. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of the St. Clair County Circuit Court.

WHEREFORE, Defendant gives notice of removal of this cause from St. Clair County Circuit Court to this Court.

| | |
|---|---|
| Dated:  July 6, 2021 | LITTLER MENDELSON PC |
| | */s/  Gary C. Ankers* |
| | Gary C. Ankers (P41599) |
| | Anton A. Dirnberger, II (P80261) |
| | 200 Renaissance Center, Suite 3110 |
| | Detroit, Michigan 48243 |
| | Telephone:  (313) 202-3222 |
| | gankers@littler.com |
| | |
| | *Attorneys for Defendant Dunn Paper, Inc.* |

4

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 6, 2021, via:

| | | |
|---|---|---|
| __X__ U. S. Mail | _____ Facsimile |
| __X__ ECF Filing | _____ Hand Delivery |
| _____ E-mail | _____ Federal Express |

*/s/ Gary C. Ankers*
Gary C. Ankers