# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

KIMBERLY CORY,

    Plaintiff,

v.

DUNN PAPER, INC,

    Defendant.
_____/

Case No. 21-    -CD
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, KIMBERLY CORY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                Respectfully submitted,
                THE MASTROMARCO FIRM

Dated: April 28, 2021      By:    /s/Victor J. Mastromarco Jr._____
                                            VICTOR J. MASTROMARCO, JR. (P34564)
                                            KEVIN J. KELLY (P74546)
                                            Attorneys for Plaintiff
                                            1024 N. Michigan Avenue
                                            Saginaw, Michigan 48602
                                            (989) 752-1414

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

KIMBERLY CORY,

    Plaintiff,

v.

DUNN PAPER, INC,

    Defendant.

_____/

Case No. 21-        -CD
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, KIMBERLY CORY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, DUNN PAPER, INC, stating as follows:

### COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Sanilac, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant is a foreign profit corporation authorized to conduct business in the State of Michigan and doing so in the County of St. Clair, State of Michigan.

3. That the amount in controversy exceeds the sum of TWENTY-FIVE THOUSAND

DOLLARS ($25,000.00), exclusive of costs, interest, and attorney fees.

4. That Plaintiff was born in 1966 and is currently fifty-four (54) years old.

5. That Plaintiff has acquired over twenty (20) years of service in the health and safety field.

6. That on or about June 1, 2015, Plaintiff began working for Defendant as its Health and Safety Manager.

7. That at all times material hereto, Plaintiff performed her job duties in a satisfactory and/or an above-satisfactory manner.

8. That Defendant's corporate culture and its parent company, Arbor Investments, tolerates, if not encourages, discrimination based on age.

9. That Arbor Investments Senior Vice President Roberta McQuade had publicly blamed older employees for creating a skills gap amongst employees.

10. In a 2015 article, Ms. McQuade identified the most pressing talent acquisition issue facing companies was finding skilled talent, explaining:

> The baby boomers have stayed in their jobs a long time and hung in there during the recession thereby effectively blocking 30 year olds from moving forward. So, a significant skills gap exists within the pool of younger candidates who are potential replacements. This gap presents a struggle in every organization.

11. That said statements evidence a discriminatory mindset and atmosphere as the only way to stop baby boomers from blocking younger employees from moving forward would be to remove those older employees.

12. That Arbor Investments website states that Ms. McQuade provides human resources guidance to acquired businesses.

13. That Defendant acted in accordance with said discriminatory intent by allegedly eliminating positions of older employees and replacing them with substantially younger

2

individuals.

14. That on or about October 4, 2019, Defendant terminated Plaintiff's employment along with five (5) other salaried employees are part of an alleged restructuring.

15. That all six of these individuals were over the age of forty (40) and five of the individuals were over the age of fifty (50).

16. That on the same date, October 4, 2019, Defendant also forced a sixty-eight (68) year old employee into retirement so as to be able to represent it had not laid off this older employee to make their actions appear less discriminatory.

17. That the median age amongst the eighteen (18) salaried employee unit subject to the alleged restructuring was fifty-one (51) years old prior to October 4, 2019; however, after the alleged reduction in force, the median age fell to forty-four (44) years old and, when accounting for the 68-year-old's retirement, the median age dropped to forty-three (43), a difference of eight (8) years.

18. That said statistical evidence is evidence that Defendant discriminated against Plaintiff on the basis of her age.

19. That the disparity of the median age before versus after the alleged restructuring of seven (7) to eight (8) years makes it "more likely the possibility that age played a part in" the employment decisions. *Scott v Goodyear Tire & Rubber Co*, 160 F3d 1121, 1129 (CA 6, 1998); *see also Featherly v Teledyne Industries, Inc*, 194 Mich App 352, 360-361; 486 NW2d 361 (1992).

20. That subsequent to terminating Plaintiff's employment, Defendant replaced Plaintiff with a substantially younger individual.

21. That because Defendant replaced Plaintiff with a substantially younger employee, Defendant did not engage in a true reduction in force. *See Brocklehurst v PPG Industries, Inc*,

123 F3d 890, 895 (CA 6, 1997).

22. That Defendant further replaced other older employees that had been terminated in the alleged restructuring with substantially younger individuals, demonstrating a pattern of discrimination.

23. That Defendant's proffered reason for terminating Plaintiff's employment is pretextual in nature.

24. That Defendant's proffered reason for terminating Plaintiff's employment is not based in fact and/or did not actual motivate its decision.

25. That Defendant's actions constitute age discrimination in violation of the Elliott-Larsen Civil Rights Act.

26. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, investment opportunities, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

27. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

28. That Plaintiff hereby claims the costs of the litigation, including reasonable witness and attorney fees. MCL 37.2801; MCL 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

29. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

30. That the Elliott-Larsen Civil Rights Act makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of age. MCL 37.2202(1)(a).

31. That at all times material hereto, Defendant was Plaintiff's "employer" as the term is defined by the Act. MCL 37.2201(a).

32. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of her age, being fifty-four (54) years old.

33. That at all times material hereto, Plaintiff was and is qualified for the position she held.

34. That Defendant took materially adverse employment action against Plaintiff by terminating her employment.

35. That Plaintiff suffered said adverse employment action under circumstances that give rise to an inference of discrimination.

36. That Defendant replaced Plaintiff with a substantially younger individual.

37. That the median age of employees within the unit dropped by at least seven (7) years, which is statistically significant and makes it more likely that Defendant discriminated based on Plaintiff's age. *Scott*, 160 F3d at 1129.

38. That Ms. McQuade's statements blaming older employees for creating a skills gap in younger employees is circumstantial evidence and evidence of a discriminatory atmosphere. *See Ercegovich v Goodyear Tire & Rubber Co*, 154 F3d 344, 356 (CA 6, 1998); *Allen v DaimlerChrysler Corp*, unpublished opinion per curiam of the Court of Appeals, issued March 14, 2006 (Docket No. 265427).

39. That because Defendant replaced Plaintiff with a substantially younger employee, Defendant did not engage in a true reduction in force. *See Brocklehurst v PPG Industries, Inc*, 123 F3d 890, 895 (CA 6, 1997).

40. That Defendant further replaced other older employees that had been terminated in the alleged restructuring with substantially younger individuals, demonstrating a pattern of discrimination.

41. That Defendant's proffered reason for terminating Plaintiff's employment is pretextual in nature.

42. That Defendant's proffered reason for terminating Plaintiff's employment is not based in fact and/or did not actual motivate its decision.

43. That Defendant's actions constitute age discrimination in violation of the Elliott-Larsen Civil Rights Act.

44. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance

benefits, short-term and/or long-term disability benefits, investment opportunities, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

45. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

46. That Plaintiff hereby claims the costs of the litigation, including reasonable witness and attorney fees. MCL 37.2801; MCL 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                           Respectfully submitted,
                                           THE MASTROMARCO FIRM

Dated: April 28, 2021          By:    /s/Victor J. Mastromarco Jr.
                                                 VICTOR J. MASTROMARCO, JR. (P34564)
                                                 KEVIN J. KELLY (P74546)
                                                 Attorneys for Plaintiff
                                                 1024 N. Michigan Avenue
                                                 Saginaw, Michigan 48602
                                                 (989) 752-1414

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

KIMBERLY CORY,

    Plaintiff,

v.

DUNN PAPER, INC,

    Defendant.
_____/



21000756CD
WEST

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

2021 MAY -3 AM 11:22
ST. CLAIR COUNTY CLERK
JAY H. DEBOYER

## DEMAND FOR TRIAL BY JURY

  NOW COMES Plaintiff, KIMBERLY CORY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                            Respectfully submitted,
                            THE MASTROMARCO FIRM

Dated: April 28, 2021      By:   /s/Victor J. Mastromarco Jr.
                            VICTOR J. MASTROMARCO, JR. (P34564)
                            KEVIN J. KELLY (P74546)
                            Attorneys for Plaintiff
                            1024 N. Michigan Avenue
                            Saginaw, Michigan 48602
                            (989) 752-1414

 **CT Corporation**

**Service of Process Transmittal**
06/07/2021
CT Log Number 539688796

**TO:** Alain Magnan, Chief Financial Officer
Dunn Paper, Inc.
218 Riverview St
Port Huron, MI 48060-2996

**RE:** **Process Served in Michigan**

**FOR:** Dunn Paper, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KIMBERLY CORY, Pltf. vs. DUNN PAPER, INC., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21000756CD |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/07/2021 postmarked on 06/02/2021 |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780112804684 |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Certified Mail on 05/18/2021 postmarked on 05/11/2021 | Alain Magnan, Chief Financial Officer<br>Dunn Paper, Inc. | 539575947 |

Page 1 of 1 / KS